United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-15116-elf
Matthew B. Forgie                                                         Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Antoinett    Page 1 of 1    Date Rcvd: Jan 29, 2018
                 Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 31, 2018.
db             +Matthew B. Forgie,    1626 Valley Greene Road,     Paoli, PA 19301-1033

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 31, 2018                                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 29, 2018 at the address(es) listed below:
        DIANA M. DIXON    on behalf of Debtor Matthew B. Forgie dianamdixonesq@gmail.com
        JAMES RANDOLPH WOOD    on behalf of Creditor     Tredyffrin/Easttown School District
         jwood@portnoffonline.com,    jwood@ecf.inforuptcy.com
        JEROME B. BLANK    on behalf of Creditor     Specialized Loan Servicing LLC paeb@fedphe.com
        JOSEPH ANGEO DESSOYE    on behalf of Creditor     Specialized Loan Servicing LLC paeb@fedphe.com
        KEVIN G. MCDONALD    on behalf of Creditor     Wilmington Savings Fund Society
         KMcDonald@blankrome.com
        MARY JACQUELINE LARKIN    on behalf of     Trumark Financial Credit Union mjlarkin@mklaw.us.com,
         camurray@mklaw.us.com;mdoria@mklaw.us.com;jkane@mklaw.us.com
        MATTEO SAMUEL WEINER    on behalf of Creditor     Wilmington Savings Fund Society, FSB, d/b/a
         Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
         bkgroup@kmllawgroup.com
        MATTEO SAMUEL WEINER    on behalf of Creditor     Wilmington Savings Fund Society
         bkgroup@kmllawgroup.com
        THOMAS YOUNG.HAE SONG    on behalf of Creditor     Specialized Loan Servicing LLC paeb@fedphe.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
        WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
         philaecf@gmail.com
                                                                                                 TOTAL: 12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Matthew B. Forgie<br>               Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>               Movant<br>vs. | NO. 16-15116 ELF |
| Matthew B. Forgie<br>               Debtor<br><br>Megan Forgie        Co-Debtor<br><br>William C. Miller, Esq.<br>               Trustee | 11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$15,647.70,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 1, 2017 through January 1, 2018 at $2,659.45/month |
| Suspense Balance: | $1,340.00 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$15,647.70** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on February 1, 2018 and continuing through October 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$2,659.45** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month, plus an installment payment of **$1,738.63 from February 2018 to September 2018 and $1,738.66 on October 2018** towards the arrearages on or before the last day of each month at the address below;

Rushmore Loan Management Services
P.O. Box 52708
Irvine, CA 92619-2708

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 19, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date:_____

Diana M. Dixon Esq.
Attorney for Debtors

**NO OBJECTION**

Date: 1/24/2018

William C. Miller
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

# O R D E R

Approved by the Court this __29th__ day of _____January_____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank